UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHOU LING (A-200-107-360), | No.  1:26-cv-3169 DC CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, | |
| Respondent. | |

Petitioner is an immigration detainee, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the following reasons, this Court recommends that this action be dismissed.

Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.  Rule 4 of the Rules Governing Habeas Corpus Cases Under 2254 permits the district court to dismiss the petition if it plainly appears from the petition that petitioner is not entitled to habeas relief.

On May 20, 2026, this Court issued an order finding that the petition appeared to reference two different petitioners, and it was unclear which petitioner was the subject of this habeas action.  (Compare ECF No. 1 at 2 (alleging that petitioner's husband filed an application for asylum on September 22, 2011, which included petitioner as an derivative beneficiary); with

1

id. at 7-8 (in "Parties" section, alleging that petitioner entered the United States on or about November 4, 2010 on a F-1 immigrant student visa and applied for asylum on September 22, 2011)).  (ECF No. 6.)  This Court granted petitioner seven days from May 20, 2026 to file an amended petition.  (Id.)  This Court warned that petitioner's failure to file an amended petition would result in a recommendation of dismissal of this action.  (Id.)  Seven days passed from May 20, 2026 and petitioner did not file an amended petition.  (See Docket.)

For the reasons discussed above, this Court recommends that the petition be dismissed because it is not clear which petitioner is the subject of this habeas action.  Petitioner was granted leave to file an amended petition to cure this pleading defect but failed to do so.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ling3169.fta/2

2